**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PETER J. HEBERT,<br>      Appellant, | DOCKET NUMBER<br>SF-0752-13-0405-I-2 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>      Agency. | DATE: October 9, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Clayton C. Ikei, Esquire, Honolulu, Hawaii, for the appellant.

Steven K. Forjohn, Esquire, MCBH Kaneohe Bay, Hawaii, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action based upon his failure to maintain a security clearance.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by the analysis of the appellant's retaliation claim, in which we vacate the portion of the initial decision that made findings regarding the claim, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant held the position of Supervisory Information Technology Specialist at the agency's Marine Corps Base Hawaii. MSPB Docket No. SF-0752-13-0405-I-1 (I-1), Initial Appeal File (IAF), Tab 5, Subtabs 4a-4b. The position required him to obtain and maintain a Top Secret security clearance. *Id.*, Subtab 4n. On November 23, 2011, the Department of the Navy Central Adjudication Facility (DONCAF) issued the appellant a Letter of Intent, informing him of its preliminary decision to revoke his eligibility for a security clearance and assignment to a sensitive position. *Id.*, Subtab 4l. DONCAF provided the appellant a Statement of Reasons forming the basis for the preliminary decision and informed him that he could respond to the statement within 15 calendar days. *Id.* The appellant responded and, on April 16, 2012, DONCAF issued a Letter of Notification with its final determination to revoke his eligibility for a security clearance and assignment to a sensitive position. Initial

Appeal File, MSPB Docket No. SF-0752-13-0405-I-2 (I-2), IAF, Tab 3, Exhibit 5; I-1, IAF, Tab 5, Subtab 4k.

¶3 The appellant appealed DONCAF's final revocation by requesting a personal appearance before an administrative judge of the Defense Office of Hearings and Appeals. I-1, IAF, Tab 5, Subtab 4j. On November 19, 2012, the Personnel Security Appeals Board (PSAB) issued a final decision upholding DONCAF's determination to revoke the appellant's security clearance. *Id.*, Subtab 4h. As a result, on January 29, 2013, the agency proposed to remove the appellant based on the sole charge of failure to maintain a security clearance. *Id.*, Subtab 4f. After consideration of the appellant's oral and written replies, the agency removed the appellant, effective March 31, 2013. *Id.*, Subtabs 4a-4d.

¶4 The appellant timely appealed his removal to the Board, challenging the merits of the underlying security clearance determination. I-1, IAF, Tab 1; I-2, IAF, Tab 22. He also claimed that the agency violated his due process rights, committed harmful procedural error, and retaliated against him for his prior equal employment opportunity (EEO) activity. I-1, IAF, Tab 1 at 3, 5; I-2, IAF, Tab 22. After holding the requested hearing, I-1, IAF, Tab 1 at 2, the administrative judge issued an initial decision affirming the removal action, I-2, IAF, Tab 23, Initial Decision (ID). The administrative judge found that the Board lacked jurisdiction to consider the merits of the underlying security clearance determination and instead was limited to a review of whether the appellant's position required a security clearance, whether the agency revoked the security clearance, and whether the appellant received the procedural protections specified in 5 U.S.C. § 7513. ID at 6-7. In applying the limited scope of review, the administrative judge affirmed the removal action. ID at 6-12. He found that the appellant received due process, in part because the deciding official had the discretion to impose a penalty other than the one proposed. ID at 8-9. He also found no harmful error in the timeliness or conduct of the investigation or adverse action process. ID at 9-11. He further found that the appellant failed to prove

that the agency retaliated against him based on his prior EEO activity, noting that the Board could not consider his allegations of retaliation as they related to the merits of the underlying security clearance determination. ID at 13-14.

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant asserts that the administrative judge erred in failing to find that the agency violated his due process rights and committed harmful procedural error when it removed him. *Id.* at 12-27. He also argues that the administrative judge improperly excluded certain witness testimony and denied his request for a continuance. *Id.* at 2-4, 15. Finally, he claims that the agency discriminated against him based upon his "association with a minority." *Id.* at 27. The agency has filed a response in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      As properly noted by the administrative judge, in an appeal of a removal action under chapter 75 based on the revocation of a security clearance, the Board may not review the merits of the underlying clearance determination. ID at 6; *see Department of the Navy v. Egan*, 484 U.S. 518, 526-30 (1988); *Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶¶ 7-8 (2014). Rather, the Board only has the authority to review whether: (1) the appellant's position required a security clearance; (2) the clearance was denied, revoked, or suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513.[2] *Ulep v. Department of the Army*, 120 M.S.P.R. 579, ¶ 4 (2014). Here, the administrative judge found, and the appellant does not dispute, that the Supervisory Information Technology Specialist position held by the appellant required a security clearance, his security clearance was revoked, and

---

[2] The Board may also consider whether the appellant's transfer to a nonsensitive position was feasible but only where a statute or regulation provides the appellant with a substantive right to such a reassignment. *See Ryan v. Department of Homeland Security*, 121 M.S.P.R. 460, ¶ 7 (2014). The administrative judge found, however, and the appellant does not contest, that the agency did not have a regulation requiring his reassignment. ID at 15.

the agency provided him with the procedural protections specified in 5 U.S.C. § 7513.  ID at 7-8, 12.

¶7    Section 7513 is not the only source of procedural protections for employees subject to adverse actions; agencies must also comply with the procedures set forth in their own regulations.  *Schnedar v. Department of the Air Force*, 120 M.S.P.R. 516, ¶ 8 (2014).  Here, the appellant claims that the agency committed harmful procedural error when it failed to properly initiate and conduct its investigations regarding the security violations that led to the revocation of his clearance in violation of Department of Navy Personnel Security Program (SECNAV) M-5510.30, chapter 6, and M-5510.36, chapter 12.[3]  PFR File, Tab 1 at 2, 12-17, 21.  For the reasons discussed below, we find the appellant's harmful procedural error arguments unpersuasive.

¶8    Chapter 6 of SECNAV M-5510.30 sets forth the agency's policies and procedures regarding Personnel Security Investigations (PSIs), which are investigations conducted by the Office of Personnel Management (OPM) to gather information relevant to personnel security determinations.  I-2, IAF, Tab 9, Subtab IIIII.  The appellant contends that the agency violated this regulation

---

[3] For the first time on review, the appellant claims that the agency violated Department of Defense (DoD) regulations when it failed to afford him the procedural protections of DoD 5200.2–R.  PFR File, Tab 1 at 18, 21.  The Board has not considered this argument because the appellant has not shown that it is based on new and material evidence not previously available despite his due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  To the extent that the appellant argues that the agency violated DoD 5200.2-R, C8.2.2 when it removed him given the Board's finding in a separate appeal that the agency committed harmful procedural error by violating DoD 5200.2-R, C8.2.2 when it indefinitely suspended him, *see Hebert v. Department of the Navy*, MSPB Docket No. SF-0752-12-0718-I-2, Final Order (July 16, 2014), we find his argument without merit, *see Schnedar*, 120 M.S.P.R. 516, ¶ 10.  Specifically, the record shows that the appellant received all of the procedural protections of DoD 5200.2-R, C8.2.2 prior to his removal; that is, provision of a statement of the reasons for the unfavorable administrative action, I-1, IAF, Tab 5, Subtab 4l, the opportunity to respond, I-2, IAF, Tab 3, Exhibit 5, a written decision from DONCAF, I-1, IAF, Tab 5, Subtab 4k, the opportunity to appeal to the relevant PSAB, *id.*, Subtab 4j, and a written decision from the PSAB prior to taking the removal action, *id.*, Subtabs 4f, 4h.

when it failed to request that OPM conduct a new PSI on him prior to revoking his security clearance. PFR File, Tab 1 at 19, 26-27. However, we agree with the administrative judge's conclusions that the agency's actions were not conducted in the context of an initial appointment or reinvestigation such as to trigger the regulations set forth in chapter 6. ID at 10-11; I-2, IAF, Tab 9, Subtab IIIII. Rather, the agency's actions involved the regulations set forth in chapter 8 of SECNAV M-5510.30 concerning unfavorable eligibility determinations and restrictions. I-1, IAF, Tab 5, Subtab 4o. As properly explained by the administrative judge, the appellant has not shown error concerning the agency's compliance with SECNAV M-5510.30, chapter 8. ID at 10-11; I-1, IAF, Tab 5, Subtab 4o.

¶9        Chapter 12 of SECNAV M-5510.36 sets forth the agency's Information Security Program's policies and procedures in the event of a loss or compromise of classified information.[4]   SECNAV M-5510.36, paragraph 12-1.1, http://doni.daps.dla.mil/SECNAV%20Manuals1/5510.36.pdf (last visited Sept. 23, 2014). The appellant contends that the agency violated this regulation when it failed to timely initiate and conduct specific types of investigations upon learning of the security violations that led to the revocation of his clearance. PFR File, Tab 1 at 14-15, 21. The initial investigation that uncovered the security violations, however, concerned, inter alia, a possible hostile work environment and was not initiated in the context of a security matter. I-1, IAF, Tab 5, Subtab 4l. Although the agency subsequently investigated the security violations, the investigators were unable to determine whether classified information was lost or compromised as a result. *Id.*; I-2, IAF, Volume 7, Hearing Compact Disc at 2:08:35-2:10:00 (testimony of the Assistant Security Manager). We find that the

---

[4] The administrative judge rejected the appellant's submission containing a copy of SECNAV M-5510.36 as untimely filed without good cause shown for the delay. ID at 5-6. For purposes of our analysis of the claim, we have reviewed the regulation online. SECNAV M-5510.36, http://doni.daps.dla.mil/SECNAV%20Manuals1/5510.36.pdf (last visited Sept. 23, 2014).

appellant has failed to provide any basis to disturb the administrative judge's finding that the agency did not err when it did not perform its investigation pursuant to SECNAV M-5510.36, chapter 12, given the absence of a loss of classified information.  ID at 10-11.  Moreover, assuming arguendo that the agency did commit procedural error in this regard, the appellant has not shown that the agency was likely to have reached a different decision had the error not occurred considering the investigations that were conducted did not reveal a loss or compromise of classified information.  *See Schnedar v. Department of the Air Force*, 119 M.S.P.R. 246, ¶ 12 (2013).

¶10        On review, the appellant repeatedly claims that the agency denied him due process by violating its own regulations when it removed him.  PFR File, Tab 1 at 17-21, 27.  These arguments are properly analyzed as claims of harmful procedural error, as addressed above.  *See Schnedar*, 120 M.S.P.R. 516, ¶ 8.  Nevertheless, an employee has a right to minimum due process of law in connection with an adverse action based on a security eligibility determination.  *See Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 13 (2014).  Specifically, an employee has a right to notice of the grounds in support of the adverse action and a meaningful opportunity to respond to the notice and to invoke the discretion of a deciding official with the authority to select an alternative penalty, to the extent an alternative penalty is feasible.  *Id.*, ¶¶ 25-28.  Here, the administrative judge found, and the appellant does not dispute, that the agency provided him with notice and a meaningful opportunity to respond to a deciding official with the discretion to impose a penalty other than removal.  ID at 8, 12; I-1, IAF, Tab 5, Subtabs 4b-4d, 4f.  Therefore, the appellant has not established a violation of his due process rights.

¶11        The appellant additionally alleges on review that the administrative judge abused his discretion by denying his motion for a continuance to present certain deposition testimony and by excluding the testimony of several witnesses at the hearing.  PFR File, Tab 1 at 2-4.  The Board will not reverse an administrative

judge's rulings on discovery matters and the exclusion of witnesses absent an abuse of discretion. *See Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012). Here, the proffered deposition testimony concerned chapter 12 of SECNAV M-5510.36, and the proffered witness testimony concerned the agency's investigations regarding the security violations at issue and the appellant's allegations that the agency violated chapter 6 of SECNAV M-5510.30 and chapter 12 of SECNAV M-5510.36. PFR File, Tab 1 at 2-4, 6-12, 15. Because the Board lacks jurisdiction to review the merits of the underlying clearance determination and because, as we found above, SECNAV M-5510.30, chapter 6, and M-5510.36, chapter 12, are inapplicable to the present appeal, we find no abuse of discretion. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014) (an administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious).

¶12        Finally, as the administrative judge properly noted, the Board cannot adjudicate whether an agency's adverse action, which is premised on the suspension or revocation of a security clearance, constitutes impermissible discrimination or retaliation. ID at 14 (citing *Doe v. Department of Justice*, 118 M.S.P.R. 434 (2012)); *see Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 18 (2014). Accordingly, we decline to adjudicate the appellant's retaliation claim. To the extent that the administrative judge made findings concerning the retaliation claim in the initial decision, we vacate those findings. ID at 12-14. In addition, we similarly decline to adjudicate the appellant's claim on review that he was discriminated against because of his "association with a minority." PFR File, Tab 1 at 27.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with

the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:        _____
                      William D. Spencer
                      Clerk of the Board

Washington, D.C.